Hart, J.
Although Polly Keith and her unknown heirs, devisees, legatees, administrators, executors and assigns were made parties defendant and were served by constructive service, the court in its entry made no specific finding as to the heirship of Polly Keith in the estate of decedent Finley, but, in effect, found that she was not an heir at law in excluding her from the list of other persons who the court found were the heirs at law as to decedent Finley’s estate.
The administrators of the estate of Polly Keith failed to appeal from the overruling of their motions *379 to be made parties, and we are not concerned with the individual rights of Polly Keith in this action. If she were not living at the time service was attempted to fie made upon her by publication, any rights of her estate in the estate of decedent Finley probably remain undetermined. Although the principal assignment of error made by the appellants is that the Probate Court erred in finding that Ira F. Keith and Polly Keith were not entitled to share in the estate of decedent Finley, that court, in its entry, made no finding as to the heir-ship of Polly Keith, and, therefore, this assignment is to be considered as applicable only to the Probate Court’s finding that Ira F. Keith was not entitled to share.
In order to establish his right to participate in the estate of decedent Finley, it was necessary for Ira F. Keith to show that his wife, Polly Keith, survived such decedent. The burden was upon him to establish that fact. This court is in agreement with the Probate Court and the Court of Appeals that he failed to do so. The only evidence offered on that subject was that Polly Keith disappeared in 1927 and has not since been heard of. There was absolutely no evidence that she died after the date of the death of decedent Finley.
However, Ira F. Keith sought to have the court accept a presumption of her death as of a date after the date of the death of decedent Finley. Another of his assignments of error is “that the court erred in assuming the right to declare * * * Polly Keith presumed dead prior to the death of Rollin B. Finley in a proceeding to determine heirship under G. C. Section 10509-95 et seq.” He contends that the following provisions of the Presumed Decedents’ Act are applicable:
“Section 10509-25 [General Code]. Hereafter, whenever any person shall be presumed to be dead on account of seven or more years’ absence from the place of his or her last domicile * * * any person entitled under the last will and testament of such pre *380 sumed decedent or under the intestate laws, to any share in his or her estate within this state * * * may present a petition to the Probate Court of the county of such person’s last residence # * # in the Probate Court of the county where the greater part of his property within this state may be situated, setting forth the facts which raise the presumption of death. The said court, if satisfied as to the person who would be entitled to letters testamentary or of administration were the presumed decedent in fact dead * * * will hear evidence concerning the alleged absence of the presumed decedent and the circumstances and duration thereof. ’ ’
“Section 10509-27. At the hearing in either of the cases provided for in the preceding sections of this act, the Probate Court shall take such legal evidence as shall be offered, for the purpose of ascertaining whether the presumption of death is established; or may appoint a master to take such testimony * * *.
“Section 10509-28. If satisfied, upon such hearing, or upon the report of such master, that the legal presumption of death is made out, the court shall so decree, and the presumption of death shall be regarded as having arisen as of the date of such decree. * * *” (Italics supplied.)
Ira F. Keith claims that in connection with the hearing of this cause it was the duty of the Probate Court under the evidence to find presumptively that Polly Keith was dead and that her death occurred as of the date of the decree of the court, which date of course was subsequent to the date of the death of decedent Finley. Incidentally, there is some statement in the briefs of counsel to the effect that there was a proceeding in the Probate Court under favor of the Presumed Decedents’ Act, whereby a decree was entered fixing the date of death of Polly Keith as of March 3, 1952, which was a date later than the date of the death of decedent Finley, but no such record was offered in the *381 evidence in this case and it is not a part of the record before this court.
The instant action was brought under the provisions of Section 10509-95 et seq., General Code, to determine the participants in the estate of decedent Finley and is not in any respect an action relating to the estate of Polly Keith. The Presumed Decedents’ Act provides for an independent proceeding with an elaborate procedural technique for the purpose of administering an estate of one who is presumed to be dead on account of seven or more years absence from the place of his last domicile. We see in it no legislative intent to apply it for the purpose of determining participation in a decedent’s estate at the whim of would-be heirs at law in respect to other estates. In view of the time schedule of notices to necessary parties and their identities in the Presumed Decedents ’ Act, the Probate Court in the instant case had no jurisdiction to apply such act in determining the participants in the estate of decedent Finley.
Although the evidence introduced in the instant case, plus the common-law presumption arising after seven years absence, indicated the death of Polly Keith, the Probate Court, in an action to determine heirship, is concerned only with evidence as to whether she survived decedent Finley and, thereby, became his heir at law.
The Probate Court was justified in finding that Ira F. Keith is the surviving spouse of Polly Keith; that he failed to establish that Polly Keith survived decedent Finley; and that he (Ira F. Keith) is not entitled to participate in the estate of decedent Finley.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Taft, Zimmerman, Stewart and Lamneck, JJ., concur.